ELIZABETH L. EASTMAN
*vs.*
ERNEST H. JOHNSON, STATE TAX ASSESSOR

Cumberland.    Opinion, October 1, 1965

*Joseph A. Aldred, Sr.,*
*Arthur A. Peabody,* for Plaintiff.

*Ralph W. Farris,*
*Jon R. Doyle, Asst. Attys. Gen.,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, MARDEN, RUDMAN, JJ. SULLIVAN, J., sat at argument but retired before the decision was rendered.

WEBBER, J. On report. The plaintiff as administratrix of the estate of the late R. Sanger Leland seeks abatement of a tax paid under protest. The decedent was domiciled in Maine. During his lifetime he opened certain accounts in Massachusetts banks and provided that these accounts carry the names of the deceased and the plaintiff as payees with rights of survivorship. The plaintiff contributed no funds to these accounts but as survivor has taken title thereto. The defendant tax assessor imposed a succession tax on the estate pursuant to 36 M.R.S.A., Sec. 3461. Sec. 3461 provides in part:

> "The following property shall be subject to an inheritance tax for the use of the State:
>
> 1. Real and personal property; joint ownership. All property *within the jurisdiction* of this State and any interest therein belonging to inhabitants of this State * * * which shall pass:
>
> * * *
>
> C. By survivorship in any form of joint ownership including joint bank deposits in which the decedent joint owner contributed during his lifetime any part of the property held in such joint ownership * * * ." (Emphasis ours.)

The plaintiff contends that since it is the law of Massachusetts which alone provides and permits the succession of this joint bank account to the survivor, Massachusetts alone can tax that succession. It may be noted in passing that Massachusetts has displayed no intention to impose the tax. Our decision, however, does not rest on either the possibility of double taxation or the possibility of a complete escape from taxation.

Some aspects of the present controversy were present in *Estate of Annie E. Meier* (1949), 144 Me. 358, 69 A. (2nd) 664, which the defendant deems to be controlling here. In that case the decedent had established a revocable *inter vivos* trust executed in New York naming first a New York trustee and later by amendment a trustee resident of Missouri. The trust expressly provided that it was to be construed under the laws of New York. The paper evidences of intangibles in the trust were all physically located outside of Maine. The succession sought to be taxed occurred not by force of Maine law but by the terms of a trust agreement governed by New York law. Nevertheless our court had no hesitation in justifying the imposition of a succession tax in Maine. The opinion quoted with approval the statement of Mr. Justice Stone in *Curry, et al.* v. *McCanless* (1939), 307 U. S. 357, 59 S. Ct. 900, "From the beginning of our constitutional system control over the person at the place of his domicile and his duty there, common to all citizens, to contribute to the support of government have been deemed to afford an adequate constitutional basis for imposing on him a tax on the use and enjoyment of rights in intangibles measured by their value." The theory of Meier appears to be that taxability stems not from the fact that the State has provided the legal machinery by which the succession occurs but rather that the State is justified by the duty of the decedent to contribute to its support in taxing a succession to his property within its jurisdiction. The words "within the jurisdiction" as used in Sec. 3461

cover all the property of persons domiciled in Maine at the time of death including intangibles such as joint bank accounts or the corpus of trusts located outside the borders of Maine. As was said in *Bunting* v. *Sullivan* (1965), 206 A. (2nd) (Conn.) 471, 473: "Where a trust is involved, the doctrine of *mobilia sequuntur personam* treats intangibles as being owned by a settlor at death and as having their situs, for purposes of the succession tax, in the state of the settlor's domicile."

We have seen no case which more nearly embraces the situation here than does the case of *State* v. *Parmalee* (1949), 115 Vt. 429, 63 A. (2nd) 203. In that case the decedent, domiciled in Vermont, deposited funds in a New York bank in a joint custodian account with the provision that such funds should be the joint property of decedent and his wife and that upon the death of one the ownership of such funds should vest absolutely in the survivor. The account was subject to withdrawal by either payee. Upon the death of the decedent Vermont sought to tax the succession. In that case it was clearly the law of New York which permitted and provided for the succession to the account. Nevertheless the Vermont court after first declaring that "it is the law of this state and, it seems, of all jurisdictions that the right of succession to intangible property is taxable in the state wherein the owner was domiciled at the time of his death," went on to state: "We have here a situation where, beyond question, this state has the authority and power to levy a tax on the right of succession to intangibles owned by a deceased resident. The question of whether this power and authority can be exercised in a given case is to be determined by our law and none other." The court held the succession to the corpus of the custodian account to be taxable.

We conclude, as did the Vermont court, that this joint account comprising funds furnished by decedent in his life-

time is an intangible which must be treated as property located for purposes of taxation in Maine at the moment of death. The succession to property so situated is taxable under Section 3461.

*Judgment for the defendant.*